STATE OF NORTH CAROLINA v. WILLIAM EARL SUTTON

No. 778SC417

(Filed 2 November 1977)

1. **Constitutional Law § 52— new trial ordered—two months between order and trial—no undue delay**

The trial court properly determined that there was no undue delay between certification on 4 January 1977 of an order from the appellate division

ordering a new trial and trial on 7 March 1977 where the district attorney stated as reasons for the delay that some of the State's witnesses were unavailable until 7 March and there were numerous jail cases, including some murder cases, in the county during that period of time which the State felt should be given priority; moreover, defendant offered no evidence to show that the delay was caused by any neglect on the part of the State.

2. **Criminal Law § 92.5— severance—no grounds for motion—denial proper**

The trial court did not err in denying defendant's motion to sever one offense from trial with offenses which took place on a different date, since defendant's motion failed to state any grounds or facts for consideration by the trial judge as to why the motion should have been allowed.

3. **Continuance § 91.7— continuance to subpoena witness—denial proper**

In a prosecution for possession and sale of heroin where a federal officer who bought the heroin from defendant named a police informant who accompanied him at the sale, defendant failed to show that the trial judge abused his discretion in failing to order a continuance so that defendant could subpoena the informant as a witness.

4. **Searches and Seizures § 1— search pursuant to arrest—admissibility of contraband**

Defendant's contention that contraband seized when officers went to his apartment to serve orders of arrest should have been excluded from evidence because the officers did not give notice of their authority and purpose before making the entry is without merit where the evidence disclosed that the officers knocked on the door, identified themselves as police officers, demanded entry, received no response from the occupants, heard sounds that would justify their conclusion that admittance would be unreasonably delayed so that the occupants could escape, and broke down the door; moreover, mere failure to comply with the letter of G.S. 15A-401 in making the arrest does not require that evidence discovered as a result of the arrest be excluded.

APPEAL by defendant from *James, Judge.* Judgments entered 10 March 1977 in Superior Court, LENOIR County. Heard in the Court of Appeals 17 October 1977.

Defendant was tried on bills of indictment charging him with the sale and delivery of heroin on 16 October 1975, possession of heroin with intent to sell on 16 October 1975, and possession of heroin on 21 October 1975. An earlier appeal from trial on these indictments is reported in *State v. Sutton*, 31 N.C. App. 697, 230 S.E. 2d 572 (1976).

The State's evidence disclosed that on 16 October 1975 defendant sold a federal officer 12 bags of heroin. A police informant accompanied the federal officer when he made the purchase.

At about 7:10 a.m. on 21 October 1975, state officers went to the premises occupied by defendant where the sale of heroin had taken place. Their purpose was to serve defendant with orders of arrest arising out of indictments for the sale and possession of heroin on 16 October 1975. The officers also had orders of arrest for others who were believed to be at that address. One of the officers knocked on the door. Someone from the inside said, "Who is there." The officer replied, "Police, open the door." There was no compliance with that request. Instead, the officers heard a noise and someone running away. The officers then kicked the door open. They found that a window had been broken. Defendant was apprehended on the ground outside the apartment. He was naked and attempting to hide on the ground in a collard patch. Two packets of heroin were found on the ground near defendant.

The officers then returned to the room from which defendant had fled. They saw several packets of heroin lying on the floor near the broken window and a pistol on a nearby table.

Defendant was found guilty as charged in the three bills of indictment.

*Attorney General Edmisten, by Associate Attorney Patricia B. Hodulik, for the State.*

*Gerrans & Spence, by Willaim D. Spence, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant moved to quash the indictments and dismiss the cases because the case was not ". . . placed upon the docket for trial at the first ensuing criminal session of the court after the receipt . . ." of certification of an order from the appellate division ordering a new trial, as required by G.S. 15-186. The opinion of the court ordering a new trial was certified to the Superior Court on 4 January 1977. In 1977, there were criminal sessions of Superior Court in Lenoir County on 10 January, 31 January, 7 February and 28 February. The case was not placed on the docket for trial until 7 March.

Our Supreme Court has held that the statute, G.S. 15-186, gives a defendant on retrial no right to "a more speedy trial than that guaranteed to all by the Constitution of the United States

and the Constitution of North Carolina." *State v. Jackson*, 287 N.C. 470, 473, 215 S.E. 2d 123, 125 (1975). Whether a defendant has been deprived of his constitutional right to an expeditious trial must be determined by considering a number of interrelated facts such as the length and cause of the delay, waiver by the defendant, and prejudice to him. *State v. Brown*, 282 N.C. 117, 123, 191 S.E. 2d 659, 663 (1972).

In the case before us the Court, in determining that there had been no undue delay, considered the following reasons advanced by the District Attorney:

"(1) that some of the witnesses who were in the State's case were from Baltimore, Maryland, and were not available for trial on the dates above mentioned; (2) that there were numerous jail cases in Lenoir County during this period of time which the State felt should be given priority; and (3) that there were some murder cases also that the State felt it had to give priority to."

Defendant, on the other hand, offered nothing to show that the delay was caused by any neglect on the part of the State. The burden is on the defendant who asserts the denial of his right to a prompt trial to show that the delay is due to the neglect or wilfulness of the State. *State v. Brown, supra.*

[2] Defendant also assigns as error the denial of his motion to sever the offense that occurred on 21 October 1975 from trial with the offenses that took place 16 October 1975. The motion to sever was renewed before the close of the evidence, as required by G.S. 15A-927(a)(2). Defendant's motion, however, failed to state any grounds or facts for consideration by the trial judge as to why the motion should have been allowed. On appeal, defendant's only assertion of possible prejudice is that he might have elected to testify in one of the cases and not in the others. This unsupported statement of possible prejudice is not sufficient to show abuse of discretion on the part of the trial judge in denying defendant's motion to sever the cases for trial. *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296 (1976); *State v. Hyatt*, 32 N.C. App. 623, 233 S.E. 2d 649 (1977).

[3] During cross-examination of the federal officer who bought the heroin from defendant, the officer was asked to state the name of the police informant who accompanied him. The State ob-

jected but, after a recess, withdrew the objection and the officer named the informant. The officer did not know the present whereabouts of the informant but stated that about two weeks prior to trial, he was in Florida. Defendant moved for a continuance so that he could subpoena the informant as a witness. We conclude that defendant has failed to show that the judge abused his discretion in failing to order a continuance. We further conclude that defendant was not thereby deprived of any of his constitutional rights to due process under the Federal Constitution or the Constitution of the State of North Carolina. The assignment of error is overruled. *State v. Rigsbee*, 285 N.C. 708, 208 S.E. 2d 656 (1974).

[4]   Defendant contends that the contraband seized on 21 October 1975, when the officers went to defendant's apartment to serve orders of arrest, should not have been admitted into evidence. Defendant cites, quotes and argues G.S. 15A-249 and G.S. 15A-251, which relate to service of search warrants. The officers in the present case were armed with *arrest* warrants, and the relevant statute is G.S. 15A-401. Defendant argues that the evidence should have been excluded because the officers, as he contends, did not give notice of their authority and purpose before making the entry. The argument is without merit. The evidence discloses that the officers knocked on the door, identified themselves as police officers, and demanded entry. They received no response from the occupants of the premises. Instead, they immediately heard sounds that would justify them in concluding that admittance would be unreasonably delayed so that the occupants could escape. Moreover, mere failure to comply with the letter of G.S. 15A-401 in making the arrest does not require that evidence discovered as a result of the arrest be excluded. *State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706 (1973). *See also* G.S. 15A-974.

Defendant has brought forward several other assignments of error. We conclude that they fail to disclose prejudicial error.

No error.

Judges MORRIS and CLARK concur.