STATE OF NORTH CAROLINA v. FRED W. CROMARTIE, SR.

No. 8112SC563

(Filed 15 December 1981)

**1. Arrest and Bail § 3— warrantless arrest—no entry into vehicle**

　　G.S. 15A-401(e)(1), which prevents entry into private premises or vehicles for the purpose of effecting an arrest without a warrant is not applicable where an officer does not enter a defendant's vehicle in order to effect an arrest.

**2. Searches and Seizures § 8— warrantless seizure of discarded aspirin box containing drugs**

　　The trial court did not err in concluding that defendant discarded an aspirin box containing three or four packets of heroin and that he abandoned it for purposes of the law of search and seizure where the evidence tended to show that an officer stopped defendant pursuant to an outstanding order for his arrest; that defendant stopped his car and got out; that the officer stated that he was going to arrest defendant and the officer had defendant put his hands on the car for a search; that during the search there was a "rumble" in which defendant threw his right hand out to his side; and that the aspirin box containing heroin and a cigarette lighter hit the ground about three or four feet away from defendant.

APPEAL by defendant from *Clark, Judge.* Judgment entered 7 April 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 12 November 1981.

Defendant was charged with third offense possession of heroin with intent to sell and deliver. He moved to suppress

physical evidence obtained as a result of a search, and a hearing was held. The trial judge denied the motion, and defendant pleaded guilty to the charge. Defendant appeals the denial of his motion to suppress.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Assistant Public Defender Orlando F. Hudson, Jr., for defendant-appellant.*

HILL, Judge.

Officer Ronnie Purdie testified for the State at the hearing on defendant's motion to suppress evidence. Defendant presented no evidence. The officer testified that he saw the defendant driving an automobile at about 1:10 a.m. on 20 January 1981; that he knew there was an outstanding order for defendant's arrest because he had checked the warrant file on 19 January 1981; that he turned on his blue light and defendant stopped his car and got out; that he stated that he was going to arrest defendant and he had defendant put his hands on the car for a search; that during the search "there appeared to be a rumble as if he was going to come off the car at that time [and] . . . he threw his right hand out to his side, his front;" that an aspirin box and a cigarette lighter hit the ground about three or four feet away from defendant; that another officer picked up these items and the two officers opened the aspirin box; and that they found three or four packets of a white powder inside, identified as heroin. The trial judge found the facts "to be as testified to by Officer Ronnie Purdie" and concluded that defendant had been lawfully arrested, that defendant had voluntarily discarded the aspirin box by throwing it away and no longer had any reasonable expectation of privacy with respect to it, and that the suspicious and furtive conduct of defendant and the appearance of the items inside the box had given probable cause for seizure of the items.

[1] Defendant first argues that his arrest was unlawful. He argues that G.S. 15A-401(e)(1), which deals with entry into private premises or vehicles for the purpose of effecting an arrest, is applicable and that this statute does not allow an arrest unless an officer has a warrant or order for arrest in his possession. The

simple answer to defendant's argument is that G.S. 15A-401(e)(1) does not apply since Office Purdie did not enter defendant's vehicle in order to effect the arrest. The officer testified that defendant "stopped his car and got out;" there was no evidence to the contrary. Even if the arrest had not been lawful, it would not follow that the evidence discovered would have to be suppressed. *See State v. Eubanks,* 283 N.C. 556, 196 S.E. 2d 706 (1973); *State v. Sutton,* 34 N.C. App. 371, 238 S.E. 2d 305 (1977), *disc. rev. denied,* 294 N.C. 186, 241 S.E. 2d 521 (1978).

[2] Defendant next argues that the trial judge erred in concluding that he discarded the aspirin box. We disagree. The trial judge did not make detailed findings of fact, but such findings were not required since there was no conflict in the evidence at the suppression hearing. *State v. Smith,* 50 N.C. App. 188, 272 S.E. 2d 621 (1980). The trial judge concluded that defendant "voluntarily discarded the aspirin box by throwing the same onto the ground some distance from him; and that the defendant could not have had any reasonable, legitimate expectation of privacy regarding the possession of said item after he discarded the same on a public street." The uncontradicted testimony of Officer Purdie supports this conclusion of law, and we have no basis for overruling it.

The conclusion of law regarding defendant's discarding of the aspirin box amounts to a determination that defendant abandoned it for purposes of the law of search and seizure.

> The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

*United States v. Colbert,* 474 F. 2d 174, 176 (5th Cir. 1973).

In *City of St. Paul v. Vaughn,* 306 Minn. 337, 237 N.W. 2d 365 (1975), police stopped that defendant's automobile on the belief that he was another person whom they knew to be under a driver's license suspension. Defendant got out of his automobile and ran into a nearby business. An officer followed and observed defendant put something underneath a counter. The officer

retrieved the item, an eyeglass case, and found it to contain drug paraphernalia. The Supreme Court of Minnesota upheld the seizure. It reasoned as follows:

> The defendant discarded the eyeglass case in a location to which any member of the public had equal access — underneath the counter of a drycleaning establishment. He argues, however, that his intention was merely to hide the case, not to relinquish his right of ownership. That is not the test.
>
> . . . [T]he question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment. Cf. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). In essence, what is abandoned is not necessarily the defendant's property, [footnote omitted] but his reasonable expectation of privacy therein.
>
> Where the presence of the police is lawful [footnote omitted] and the discard occurs in a public place where the defendant cannot reasonably have any continued expectancy of privacy in the discarded property, [footnote omitted] the property will be deemed abandoned for purposes of search and seizure. [footnote omitted] Such is the case here.

*Id.* at 346-47, 237 N.W. 2d at 370-371. In *Gonzales v. State*, 461 S.W. 2d 408 (Tex. Crim. App. 1970), a police officer, upon stopping that defendant for traffic offenses, saw him throw a bag over the hood of his car. The bag was recovered and was found to contain drugs. The Texas Court of Criminal Appeals found that the case did not involve a search incident to an arrest, but rather involved

> marihuana discovered after it was abandoned by the appellant in the presence of the officers and which when found was in plain view of the officers.
>
> The seizure of the marihuana by the officers under such facts was lawful and the court did not err in admitting the same into evidence.

*Id.* at 409.

The protection of the Fourth Amendment does not extend to abandoned property. When one abandons property, "[t]here can be nothing unlawful in the Government's appropriation of such abandoned property." *Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed. 2d 668, 687 (1960). *See generally*, 68 Am. Jur. 2d, Searches and Seizures § 9, P. 668; 1 LaFave, Search and Seizure § 2.6(b), pp. 366-75 (1978). This Court recently decided that when one discards property as the product of some illegal police activity, he will not be held to have voluntarily abandoned the property or to have necessarily lost his reasonable expectation of privacy with respect to it, *State v. Cooke*, 54 N.C. App. 33, 282 S.E. 2d 800 (1981); however, there is no evidence of such police misconduct in this case.

Defendant also challenges the trial judge's conclusions with respect to his "furtive conduct" and the officers' probable cause for a search; however, we need not consider these arguments since the status of the aspirin box as abandoned property provides a sufficient independent basis for the officers' seizure and search of it.

The order denying defendant's motion to suppress evidence is

Affirmed.

Judges VAUGHN and WHICHARD concur.