STATE OF NORTH CAROLINA v. THOMAS TELTSER

No. 8216SC897

(Filed 15 March 1983)

**Searches and Seizures § 15— search of suitcase—relinquishment of reasonable expectation of privacy**

The trial court properly concluded that defendant relinquished his reasonable expectation of privacy in a suitcase so that an officer's warrantless search of the suitcase and his seizure of marijuana found therein were lawful where the evidence showed that defendant and his brother were involved in an automobile accident; defendant, in full view of witnesses and without taking any precaution to prevent observation by them, removed the suitcase from the automobile and carried it into a wooded area; defendant placed the suitcase there and returned to the automobile without it, again in full view of witnesses, one of whose questions about the suitcase he did not answer; defendant had no ownership or possessory interest in the wooded area and thus no right to exclude others from access to it; the area was as accessible to the public at large as it was to defendant; and the name on the suitcase was not defendant's and he never made any positive assertion of ownership or possessory interest with regard to it.

APPEAL by defendant from *Smith, Judge.* Judgment entered 10 November 1981 in Superior Court, ROBESON County. Heard in the Court of Appeals 17 February 1983.

Defendant appeals from a judgment entered upon his conviction of felonious possession of more than one ounce of marijuana.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Page & Baker, P.A., by H. Mitchell Baker, III, for defendant appellant.*

WHICHARD, Judge.

I.

The sole issue is whether the court erred in denying defendant's motion to suppress evidence obtained from a warrantless search of a suitcase. We find no error.

II.

Evidence at the hearing on the motion to suppress showed the following:

Defendant and his brother, students in Florida, while travelling through Robeson County en route to their mother's house in New Jersey, had an automobile accident. The brother went to the hospital for treatment of injuries sustained in the accident. Defendant then took a suitcase from the trunk of the automobile, ran across the highway, jumped a fence, crossed over a service road, and ran about thirty or forty feet into an adjacent wooded area. He took no precaution to prevent anyone from seeing the suitcase.

Within the wooded area defendant located a "blown over" tree with a large hole underneath. There he buried the suitcase, covering it with dirt, rocks, leaves, and branches. He planned to regain possession of the suitcase, and did not want anyone to find it. He did not believe anyone would be able to find it.

Defendant did not own the land on which he buried the suitcase. In fact, he owned no land in Robeson County.

When defendant returned to the automobile, a man directing traffic asked what had happened to the suitcase. Defendant did not reply.

Two witnesses advised a highway patrolman that defendant had left the accident scene, gone into the woods with the suitcase, and returned without it. The patrolman investigated, but found nothing. A second patrolman made a subsequent investigation, but also found nothing. He returned twice and finally located a suitcase which fit the description of the one defendant reportedly had taken into the woods.

The suitcase, which was completely covered with leaves, dirt, and limbs, contained "[s]omewhere under four pounds" of marijuana. It bore a tag with an address which corresponded with that on the identification defendant displayed to one of the officers. The name on the tag, however, was not defendant's.

### III.

Judge Britt made findings of fact which reflect, and are fully supported by, the foregoing evidence. These findings "are conclusively binding on appeal." *State v. Cooke,* 306 N.C. 132, 134, 291 S.E. 2d 618, 619 (1982).

He concluded, based thereon, "that the defendant had no reasonable expectation of privacy; that he was not on property owned by him; that he had, in effect, abandoned the property to the extent that he had no reasonable expectation of privacy; and that he could reasonabl[y] expect that anyone finding it was going to open the suitcase and take charge of it." On the basis of these conclusions, he denied the motion to suppress.

## IV.

The determinative inquiry is "whether governmental officials violated any legitimate expectation of privacy held by [defendant]." *Rawlings v. Kentucky*, 448 U.S. 98, 106, 65 L.Ed. 2d 633, 642, 100 S.Ct. 2556, 2562 (1980). It is resolved "by asking not merely whether the defendant had a possessory interest in the items seized, but whether he had an expectation of privacy in the area searched." *United States v. Salvucci*, 448 U.S. 83, 93, 65 L.Ed. 2d 619, 629, 100 S.Ct. 2547, 2553 (1980). *See also Rakas v. Illinois*, 439 U.S. 128, 58 L.Ed. 2d 387, 99 S.Ct. 421 (1978), *rehearing denied*, 439 U.S. 1122, 59 L.Ed. 2d 83, 99 S.Ct. 1035 (1979).

The result "depends upon whether the place invaded was an area in which [the defendant had'] a reasonable expectation of freedom from governmental intrusion.'" *State v. Alford*, 298 N.C. 465, 471, 259 S.E. 2d 242, 246 (1979) (quoting *Mancusi v. DeForte*, 392 U.S. 364, 368, 20 L.Ed. 2d 1154, 1159, 88 S.Ct. 2120, 2124 (1968)).

> The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

*United States v. Colbert*, 474 F. 2d 174, 176 (5th Cir. 1973). "In essence, what is abandoned is not necessarily the defendant's property, but his reasonable expectation of privacy therein." *City of St. Paul v. Vaughn*, 306 Minn. 337, 346, 237 N.W. 2d 365, 371 (1975).

## V.

In *Rawlings, supra*, the defendant had placed illegal drugs in a friend's pocketbook. A police search thereof disclosed the drugs

and resulted in defendant's arrest. The United States Supreme Court upheld refusal to suppress evidence of the drugs on the ground that defendant did not have a reasonable expectation of privacy in the area searched. The pocketbook was subject to access by persons other than defendant, and defendant had no "right to exclude other persons from [such] access." 448 U.S. at 105, 65 L.Ed. 2d at 642, 100 S.Ct. at 2561.

In *State v. Jordan,* 40 N.C. App. 412, 252 S.E. 2d 857 (1979), this Court held that the defendant did not have a reasonable expectation of privacy in the pocketbook of a passenger in his car. The trial court had refused to suppress evidence of illegal drugs found in the pocketbook. This Court held that defendant had no "reasonable expectation that the place searched would remain private," *id.* at 415, 252 S.E. 2d at 859, and found no error in the ruling. "When one voluntarily puts property under the control of another, he must be viewed as having relinquished any prior legitimate expectation of privacy with regard to that property, as it becomes subject to public exposure upon the whim of the other person." *Id.*

In *State v. Cromartie,* 55 N.C. App. 221, 284 S.E. 2d 728 (1981), defendant threw an aspirin box on the ground while an officer was searching him. Another officer picked up the box; and when the two officers opened it, they found that it contained heroin. This Court affirmed denial of the defendant's motion to suppress. It relied, in part, on *City of St. Paul, supra,* in which the defendant had, when stopped by an officer, run to a nearby business and placed an eyeglass case under a counter. The officer retrieved the case and found that it contained drug paraphernalia. The Supreme Court of Minnesota upheld the warrantless seizure, stating:

> The defendant discarded the eyeglass case in a location to which any member of the public had equal access — underneath the counter of a drycleaning establishment. He argues, however, that his intention was merely to hide the case, not to relinquish his right of ownership. That is not the test.

> . . . [T]he question is whether the defendant has, in discarding the property, relinquished his reasonable expecta-

tion of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment.

*Id.* at 346, 237 N.W. 2d at 370-71.

### VI.

Application here of the principles set forth in the foregoing cases clearly permits the result reached by the trial court, to which our Supreme Court has said we must accord due deference. *State v. Cooke, supra,* 306 N.C. at 134, 291 S.E. 2d at 619-20.

The defendant here, in full view of witnesses, and without taking any precaution to prevent observation by them, removed the suitcase from the automobile and carried it into a wooded area. Defendant had no ownership or possessory interest in the wooded area, and thus no right to exclude others from access to it. *Rawlings,* 448 U.S. at 105, 65 L.Ed. 2d at 642, 100 S.Ct. at 2561. The area was as accessible to the public at large as it was to defendant. *City of St. Paul, supra.*

Defendant placed the suitcase there and returned to the automobile without it, again in full view of witnesses, one of whose questions about the suitcase he did not answer. The name on the suitcase was not his, and he never made any positive assertion of ownership or possessory interest with regard to it.

Under these circumstances we have no basis for overruling the conclusion that defendant "had no reasonable expectation of privacy" in the suitcase, and "could reasonabl[y] expect that anyone finding it was going to open . . . and take charge of it." *See Cromartie,* 55 N.C. App. at 223, 284 S.E. 2d at 730. Like the Court in *City of St. Paul,* we reject defendant's contention that a different result should obtain because he was attempting to hide the suitcase, not to relinquish any rights therein. To repeat what that Court stated: "That is not the test. . . . [T]he question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment." 306 Minn. at 346, 237 N.W. 2d at 370-71. The court properly concluded that the requisite relinquishment had occurred here.

No error.

Judges HEDRICK and BRASWELL concur.