State v. Joe'l and State v. Wilson

STATE OF NORTH CAROLINA v. ETHEL MARIE JOE'L

STATE OF NORTH CAROLINA v. SAMUEL WILSON, III

No. 8326SC889

(Filed 6 March 1984)

Searches and Seizures § 15— seizure of buried cylinder containing cocaine—denial of motion to suppress proper

The trial court properly denied defendants' motions to suppress evidence of cocaine which officers seized without a warrant from a film container where the findings established that defendants were on the grounds of a building located in Charlotte; there was no evidence that defendants had any possessory or ownership interest in the building or its accompanying grounds; they were outdoors in the daylight on a clear day; there were no obstructions, and defendants' activities were readily observable from a nearby apartment building; these activities included approaching an area in the yard, reaching into a hole in the ground and removing therefrom an item which appeared to be black in color, removing something from the container, and delivering it to another person in exchange for money.

Judge BECTON concurring in the result.

APPEAL by defendants from *Griffin, Judge.* Judgments entered 21 April 1983 (defendant Joe'l) and 26 April 1983 (defendant Wilson) in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 February 1984.

After the trial court denied their motions to suppress evidence of cocaine which officers had seized without a warrant from a film container, defendants pled guilty to possession of cocaine with intent to sell and deliver. They appeal, pursuant to G.S. 15A-979(b), from judgments of imprisonment (suspended with probation in defendant Joe'l's case; active in defendant Wilson's case).

*Attorney General Edmisten, by Assistant Attorney General Walter M. Smith, for the State.*

*Prosser D. Carnegie for defendant appellant Joe'l.*

*Haywood, Carson, Merryman, by James H. Carson, Jr., for defendant appellant Wilson.*

WHICHARD, Judge.

Defendants' sole contention is that the court erred in denying their motions to suppress. We find no error.

The court made the following findings of fact:

1. That on or about the 13th day of October, 1982, Officer L. E. Welch of the Charlotte Police Department Vice Section was on duty in his capacity as a vice officer in a section of Charlotte known as the Fairview Homes, and primarily working in the 1200 block of Person Street.

2. That Officer Welch, by the use of binoculars from 1915 Edwin Street, Apartment 156, was observing the grounds of a building bearing the address of 1216 Person Street.

3. That at said time, Officer Welch, by use of said binoculars, observed Ethel Marie Joe'l approach a location in the yard of 1216 Person Street where she went to the rear of a tree and to the left of said tree, some twelve inches from same, at which time she was observed to reach into a hole in the ground and remove therefrom an item which appeared to be black in color, round or cylindrical, measuring approximately one inch long and one inch in diameter.

4. That thereafter Officer Welch observed Ms. Joe'l remove something from said container, deliver it to one Ms. McFadden in exchange for money, this being approximately 2:40 p.m. in the afternoon of said date.

5. That at approximately 2:50 p.m., Officer Welch, by the use of said binoculars, observed Mr. Samuel Wilson, III, approach the same location in the yard and he removed something from the ground which the officer could not see, removed something from the container, which Officer Welch could not see, but he did see and observe Mr. Wilson exchange it for money with a black male wearing a tan cap, tan jacket, and bluejeans.

6. That at said time and place the weather conditions were clear, daylight. There were no obstructions, and Officer Welch was located some seventy-five to a hundred feet from the place of surveillance to the location in the ground.

7. That the location in the ground is found to have been an indentation which was covered by tall grass, umbrella fashion, said indentation being large enough to conceal the cylinder, opaque, gray capped container.

8. That there is no evidence before the Court as to the ownership of the grounds as described hereinabove.

9. That during Officer Welch's observation, only Ethel Marie Joe'l and Samuel Wilson, III, went to said location of said opaque cylindrical container.

10. That thereafter, Officer Welch, through radio communications, had Sgt. Wallace of the Charlotte Police Department come to the location and, by radio, directed him to the location of the cylindrical container, which the Court finds as a fact was opaque and contained a gray lid that was in place on said container. And Sgt. Wallace removed the lid and discovered six plastic bags containing a white powdered substance which he suspected to contain cocaine. Sgt. Wallace was advised by Officer Welch as to his observations of Samuel Wilson, III, Ethel Marie Joe'l, and Jeanette McFadden, and, as a result of said communications, Sgt. Wallace was given probable cause to arrest Samuel Wilson, III, and Ethel Marie Joe'l for possession with intent to sell a controlled substance, to wit, cocaine.

11. That when Sgt. Wallace arrived at the scene and was directed to the place where said cylinder was discovered, there were approximately six police officers and six or seven other persons who had not been detained or arrested.

12. The Court finds as a fact that, from the evidence, Ethel Marie Joe'l and Samuel Wilson, III, had actual possession of the cylindrical container and its contents, but the Court cannot find from the evidence any possession in the location of said opaque cylindrical container or where it was hidden by the tall grass.

Defendants concede that these findings are supported by competent evidence and thus are binding on appeal. *State v. Cooke*, 306 N.C. 132, 134, 291 S.E. 2d 618, 619 (1982); *State v. Williams*, 303 N.C. 142, 145, 277 S.E. 2d 434, 437 (1981).

The court also made the following conclusions of law:

> [T]hat Samuel Wilson, III [and Ethel Marie Joe'l were] in possession of said container, but had no Constitutional rights . . . to . . . expectation of privacy in and to [it]. That, although said search and seizure was without a warrant, the officers had probable cause to make said search and seizure under the totality of the evidence, and that the same did not violate any of the Constitutional rights of the defendant[s].

These conclusions of law must be supported by the findings of fact. Great deference, however, must be accorded to the trial court's determination in this respect. *Cooke, supra,* 306 N.C. at 134, 291 S.E. 2d at 619-20. Applying the reasoning and authorities set forth in *State v. Teltser,* 61 N.C. App. 290, 300 S.E. 2d 554 (1983), we find the result reached by the trial court here permissible.

In *Teltser* the defendant, in full view of witnesses and without taking any precaution to prevent observation by them, removed a suitcase from his automobile, carried it into a wooded area, and buried it there. He had no ownership or possessory interest in the wooded area, and the area was as accessible to the public at large as it was to defendant. This Court held that under these circumstances it had no basis for overruling the trial court's conclusion that defendant had no reasonable expectation of privacy in the suitcase. *Teltser, supra,* 61 N.C. App. at 294, 300 S.E. 2d at 556.

Here, the findings establish that defendants were on the grounds of a building located in Charlotte. There was no evidence that defendants had any possessory or ownership interest in the building or its accompanying grounds. They were outdoors in the daylight on a clear day. There were no obstructions, and defendants' activities were readily observable from a nearby apartment building. These readily observable activities clearly were "such as would actuate a reasonable man acting in good faith" to believe that defendants possessed and were selling illegal drugs. *State v. Harris,* 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971).

Under these circumstances, like those in *Teltser,* we have no basis for overruling the conclusion that defendants "had no Constitutional rights . . . to . . . expectation of privacy in and to [the

seized] container." The place invaded was not an area in which defendants had a reasonable expectation of freedom from governmental intrusion. *State v. Alford,* 298 N.C. 465, 471, 259 S.E. 2d 242, 246 (1979). We thus hold that the court did not err in overruling the motion to suppress and admitting the evidence of the cocaine seized from the container.

No error.

Judge ARNOLD concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

Because of this Court's opinion in *State v. Teltser,* 61 N.C. App. 290, 300 S.E. 2d 554 (1983), I concur in the result.