STATE OF NORTH CAROLINA v. SANDY McMILLIAN

No. COA01-135

(Filed 18 December 2001)

**1. Identification of Defendants— in-court—improper pretrial identification—independent origin**

The trial court did not err in a robbery with a dangerous weapon case by finding the victim's in-court identification to be of independent origin and by allowing the identification of defendant before the jury even though defendant contends the in-court identification was tainted by an improper pretrial identification, because: (1) even though a pretrial procedure is found to be unreliable, an in-court identification of independent origin is admissible; (2) the victim stated that his identification of defendant was based on seeing defendant the night of the incident and not the show-up at the sheriff's department; and (3) there was not a substantial likelihood of misidentification when the witness had ample opportunity to view defendant, the witness gave an accurate description of defendant and his clothing, and the witness was certain in his identification of defendant as the person who robbed him.

**2. Search and Seizure— warrantless search—presence in motel room of another**

The trial court did not err in a robbery with a dangerous weapon case by admitting evidence obtained from a warrantless search of the motel room where defendant was found, because: (1) the room was rented to a person other than defendant; (2) there was no evidence that defendant had any luggage in the room, and there was no evidence that defendant had spent the

night or planned on staying overnight; and (3) while defendant may have had a subjective expectation of privacy in the room, it was not a reasonable expectation of privacy.

**3. Robbery— dangerous weapon—sufficiency of evidence— use or threatened use of a firearm or other dangerous weapon**

The trial court did not err by denying defendant's motion to dismiss the charge of robbery with a dangerous weapon based on the State's alleged failure to produce evidence that defendant robbed the victim by use or threatened use of a firearm or other dangerous weapon, because: (1) the victim testified on cross-examination that the man who robbed the victim walked up to him from around the corner of the store and pointed a shotgun at the victim; (2) the victim testified that the assailant kept the shotgun pointed at the victim while driving off in his stolen car; and (3) the victim later identified the sawed-off single barrel shotgun recovered from defendant as looking just like the gun which was pointed at him the night of the robbery.

**4. Sentencing— aggravating factor—firearm of mass destruction—robbery with a dangerous weapon**

The trial court did not err in a robbery with a dangerous weapon case by finding as an aggravating factor the use of a firearm of mass destruction, because: (1) N.C.G.S. § 14-288.8(c)(3) defines a weapon of mass destruction as any shotgun with a barrel or barrels of less than eighteen inches in length or an overall length of less than twenty-six inches; (2) a witness testified that the barrel of the shotgun found in defendant's possession had been sawed off and the barrel was less than eighteen inches in length; and (3) this element was not required to prove the offense of robbery with a dangerous weapon.

**5. Constitutional Law— effective assistance of counsel— defense counsel's cross-examination possibly bolstering the State's case**

A defendant in a robbery with a dangerous weapon case was not deprived of effective assistance of counsel based on an allegation that defense counsel's extensive cross-examination regarding the shotgun possibly bolstered the State's case, because: (1) the State presented sufficient evidence on direct examination of the use of a dangerous weapon; and (2) defendant failed to meet his burden of proving that his attorney's perform-

ance fell below an objective standard of reasonableness and that defendant was prejudiced by his attorney's alleged deficient performance.

Appeal by defendant from judgment entered 25 July 2000 by Judge Dennis Jay Winner in Bladen County Superior Court. Heard in the Court of Appeals 28 November 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General George W. Boylan, for the State.*

*A. Michelle FormyDuval, for defendant-appellant.*

TYSON, Judge.

## I. Facts

Evidence presented at trial tended to establish that on 26 December 1999, Sandy McMillian ("defendant") robbed David Lloyd outside a convenience store in Tar Heel, North Carolina.

Mr. Lloyd testified that on the night of the incident he gave a statement describing the assailant as a tall black male, approximately 175 to 180 pounds, light brown skin, wearing a three-quarter length black coat. Mr. Lloyd also testified that the assailant pointed a double-barrel shotgun at him and demanded his car keys.

After *voir dire*, Mr. Lloyd was permitted to identify defendant, before the jury, as the person who robbed him. Mr. Lloyd testified that some of the items in his car that night were later returned to him by Investigator Marshall Allen ("Allen").

Allen testified that he investigated the robbery on 26 December 1999. On 28 December 1999, Allen received a phone call that Michael Green ("Green") had attempted to cash one of Mr. Lloyd's checks and had been detained by the Lumberton police after he was found in possession of Mr. Lloyd's stolen car. Green directed the police to a motel room key in Mr. Lloyd's car and to room 134 at the Red Roof Motel which was registered by Green under another name.

Allen testified that after knocking, Aletha Rose Jones opened the door. Allen and other officers entered the motel room. They found defendant lying on the bed and a sawed-off twenty-gauge shotgun leaning against the wall, approximately eight feet from defendant. Allen also found a black leather coat which defendant identified as his and various personal items belonging to Mr. Lloyd.

STATE v. McMILLIAN

[147 N.C. App. 707 (2001)]

Defendant presented no evidence at trial. The jury found defendant guilty of robbery with a dangerous weapon. The trial court found as an aggravating factor the use of a weapon of mass destruction and sentenced defendant within the aggravated range. Defendant appeals. We hold there was no error.

## II. Issues

The issues presented are: (1) whether the trial court erred in finding the victim's in-court identification to be of independent origin and allowing the identification of defendant before the jury, (2) whether the trial court erred in admitting evidence obtained from a warrantless search, (3) whether the trial court erred in denying defendant's motion to dismiss, (4) whether the trial court erred in finding as an aggravating factor the use of a firearm of mass destruction, and (5) whether defendant was deprived of effective assistance of counsel.

We note that defendant raised an additional assignment of error in the record, pertaining to the failure of the trial court to find mitigating factors. This assignment of error was not argued in defendant's brief and is deemed abandoned. N.C.R. App. P. 28(b)(5) (1999).

## III. In-court Identification

[1] Defendant contends that the in-court identification of him was tainted by an improper pretrial identification and lacked sufficient independent origin to be admissible. We disagree.

Both the United States Supreme Court and our Supreme Court have criticized the practice of a "show-up": showing suspects to victims and witnesses singularly rather than as part of a lineup. *See State v. Oliver*, 302 N.C. 28, 44-45, 274 S.E.2d 183, 194 (1981) (citing *Stovall v. Denno*, 388 U.S. 293, 302, 18 L. Ed. 2d 1199, 1206 (1967)). At bar, the trial court properly found that the pretrial show-up was suggestive and not admissible.

Even though a pretrial procedure is found to be unreliable, an in-court identification of independent origin is admissible. *State v. Headen*, 295 N.C. 437, 439, 245 S.E.2d 706, 708 (1978). If shown that the pretrial identification procedures were so suggestive as to create a very substantial likelihood of irreparable misidentification, the in-court identification evidence must be suppressed. *State v. Wilson*, 313 N.C. 516, 528-29, 330 S.E.2d 450, 459 (1985). The likelihood of irreparable misidentification depends on the totality of the circumstances. *State v. Fisher*, 321 N.C. 19, 23, 361 S.E.2d 551, 553 (1987).

Our Supreme Court identified several factors to determine the existence of irreparable misidentification: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *State v. Powell*, 321 N.C. 364, 368-69, 364 S.E.2d 332, 335 (1988).

Defendant objected prior to the in-court identification. During *voir dire*, Mr. Lloyd testified that: (1) he was fifteen feet from the assailant during the robbery, (2) he saw his assailant's face for approximately one to two minutes, (3) the parking lot outside of the convenience store had newer canopy lights and track lights, (4) the parking lot was well lit, (5) he was not tired at the time, and (6) he does not wear glasses or have any eyesight problems. Mr. Lloyd then identified defendant as the person who robbed him and stated that his identification of defendant was based on seeing defendant the night of the incident and not the show-up at the sheriff's department. The trial court found by clear and convincing evidence that the in-court identification of defendant by Mr. Lloyd was independent of and not tainted by the show-up but was solely from his memory of the incident.

Considering the totality of the circumstances, we conclude that there was not a substantial likelihood of misidentification. The witness had ample opportunity to view defendant; the witness gave an accurate description of defendant and his clothing, other than a minor discrepancy as to whether defendant had a toboggan rolled up around his head or whether it was defendant's own hair; and the witness was certain in his identification of defendant as the person who robbed him. We hold that the trial court did not err by admitting the in-court identification. This assignment of error is overruled.

### IV. Warrantless Search

[2] Defendant argues that evidence obtained from the warrantless search of the motel room violated his constitutional rights under the Fourth and Fourteenth Amendments. Defendant contends that he had a legitimate expectation of privacy in the motel room, and that the trial court's denial of his motion to suppress was error.

The Fourth Amendment protects people from unreasonable searches and seizures. To challenge a search as unreasonable under

the Fourth Amendment, an individual must be able to show that he has a legitimate expectation of privacy in the area searched. *Rakas v. Illinois*, 439 U.S. 128, 143, 58 L. Ed. 2d 387, 401 (1978). Justice Harlan, concurring in *Katz v. United States*, 389 U.S. 347, 19 L. Ed. 2d 576 (1976), outlined a two-prong test for determining whether an individual has a legitimate expectation of privacy: (1) the individual must have a subjective expectation of privacy, and (2) that subjective expectation must be reasonable. *Id.* at 361, 19 L. Ed. 2d at 588.

The United States Supreme Court has held that a guest in a hotel room has a reasonable expectation of privacy. *Stoner v. California*, 376 U.S. 483, 490, 11 L. Ed. 2d 856, 861 (1964) (holding that an overnight guest "living" in a hotel room, like "a tenant of a house, or the occupant of a room in a boarding house," has a legitimate expectation of privacy in the hotel room) (citations omitted). The facts in *Stoner* are not present here. The evidence showed that the room was rented to Green and not to defendant, there was no evidence that defendant had any luggage in the room, and there was no evidence that defendant had spent the night or planned on staying overnight.

While defendant may have had a subjective expectation of privacy in the room, it was not a reasonable expectation of privacy "rooted in 'understandings that are recognized and permitted by society.'" *Minnesota v. Olson*, 495 U.S. 91, 100, 109 L. Ed. 2d 85, (1990) (determining that an "overnight guest" has a legitimate expectation of privacy, in part, because he is engaging in a "longstanding social custom that serves functions recognized as valuable by society") (quoting *Rakas*, 439 U.S. at 144, n. 12, 58 L. Ed. 2d 387 (1978)). We conclude that defendant did not have a reasonable expectation of privacy and cannot invoke the protections of the Fourth Amendment. *See United States v. Grandstaff*, 813 F.2d 1353, 1357 (9th Cir. 1987) (holding that "mere presence in the hotel room of another is not enough" to establish a legitimate expectation of privacy in one's surroundings); *United States v. Maddox*, 944 F.2d 1223, 1234 (6th Cir. 1991) (holding that a "purely transient party guest" had no reasonable expectation of privacy in his host's home). This assignment of error is overruled.

## V.  Motion to Dismiss

[3] Defendant next assigns error to the trial court's denial of his motion to dismiss at the close of the State's evidence. Defendant contends that the State failed to produce evidence that defendant robbed the victim by use, or threatened use, of a firearm or other dangerous weapon. This contention is without merit.

The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *State v. Patterson*, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In determining the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." *Id.* at 450, 439 S.E.2d at 585.

The offense of robbery with a dangerous weapon has the following three elements: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon, and (3) whereby the life of a person is endangered or threatened. *State v. Call*, 349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998).

Mr. Lloyd, the victim, testified on cross-examination that the man who robbed him walked up to him from around the corner of the store and pointed a double-barrel shotgun or a single-barrel with a pump, which appeared to be two barrels, at him. Mr. Lloyd also testified that the assailant kept the shotgun pointed at him while driving off in his stolen car. Mr. Lloyd later identified the sawed-off single barrel shotgun recovered from defendant as looking just like the gun which was pointed at him the night of the robbery.

This evidence is sufficient to withstand defendant's motion to dismiss. This assignment of error is overruled.

## VI. Aggravating Factor

[4] Defendant argues that he was not charged with or indicted for the offense of possession of a weapon of mass destruction; therefore, it was error for the trial court to find him guilty of such offense and use it as an aggravating factor in sentencing him. Defendant cites no authority for this contention. We conclude this assertion is without merit.

Defendant further contends that the aggravating factor was based on circumstances which were part of the essence of the crime. "Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation. . . ." N.C. Gen. Stat. § 15A-1340.16(d) (1999); *see also State v. Hughes*, 136 N.C. App.

92, 99, 524 S.E.2d 63, 67 (1999) ("[i]t is error for an aggravating factor to be based on circumstances which are part of the essence of a crime"), *disc. review denied*, 351 N.C. 644, 543 S.E.2d 878 (2000).

An essential element of the offense of robbery with a dangerous weapon is the use or threatened use of a firearm or other dangerous weapon. *Call*, 349 N.C. at 417, 508 S.E.2d at 518. We have already concluded that sufficient evidence was presented that defendant pointed a shotgun at the victim. Elements not essential to the crime charged may be used to prove any factor in aggravation. *State v. Thompson*, 309 N.C. 421, 422, 307 S.E.2d 156, 158 (1983). "The State bears the burden of proving by a preponderance of the evidence that an aggravating factor exists . . . ." N.C. Gen. Stat. § 15A-1340.16(a) (1999).

A weapon of mass destruction includes "any shotgun with a barrel or barrels of less than 18 inches in length or an overall length of less than 26 inches . . . ." N.C. Gen. Stat. § 14-288.8(c)(3) (1999). Allen testified that the barrel of the shotgun found in defendant's possession had been sawed off and that the barrel was less than 18 inches in length. This element was not required to prove the offense of robbery with a dangerous weapon and therefore was properly found as an aggravating factor by the trial court. This assignment of error is overruled.

## VII. Effective Assistance of Counsel

[5] Defendant's final assignment of error is that he was deprived of his Sixth Amendment right to effective assistance of counsel. Defendant contends that the State failed to show the element of robbery with a dangerous weapon and that he would not have been convicted absent his counsel eliciting this information on cross-examination. We disagree.

The test for ineffective assistance of counsel is the same under the federal and state constitutions. A defendant is entitled to relief if he can show: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficient representation was so serious as to deprive him of a fair trial. *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984).

Here, the State presented testimony by the victim that defendant was the man who robbed him on 26 December 1999 and that Green was not the man who pointed the gun at him. While defense counsel's extensive cross-examination regarding the shotgun may have bol-

stered the State's case, we conclude that the State presented sufficient evidence on direct examination of the use of a dangerous weapon. Defendant has failed to meet his burden of proving that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by his attorney's alleged deficient performance.

No error.

Judges TIMMONS-GOODSON and HUDSON concur.