LEVINSON, Judge.
Defendant was charged with robbery with a dangerous weapon and possession of a firearm by a felon, and convicted by a jury of common law robbery and possession of a firearm by a felon. Defendant appeals.
By his first assignment of error, defendant contends the trial court erred by denying his motion to suppress the identification of defendant by William Carpenter. Defendant contends that the identification evidence was the product of a suggestive show-up identification procedure.
The following evidence was presented at the voir dire hearingon the motion to suppress: Between 1:00 and 2:00 a.m. on 28 August 2002, William Carpenter and his date, Lori Curran, were conversing in the parking lot of the Pinecroft Sports Club in Greensboro. Carpenter was standing beside the driver's side door of Curran's automobile, and Curran was sitting in the vehicle. Two men approached Carpenter. One of the men placed a gun, a black .25 automatic pistol, to Carpenter's head and said, "I'll take that," referring to a twelve pack of beer on the ground outside the vehicle. As Carpenter lunged at the man holding the gun, the second man grabbed the pack of beer. The two men then fled. Carpenter went inside the club and called the police. Carpenter described the perpetrators as two black males, one wearing a white do-rag or skull cap and a black t-shirt and the other wearing a black do-rag or skull cap and a white t-shirt. Both were approximately six feet in height. About fifteen to twenty minutes later, a police cruiser arrived at the scene. Carpenter looked inside the cruiser and identified defendant, who was the occupant of the rear seat of the cruiser, as the man who had held a gun to him. At this time, Curran also identified the defendant as the person who held a black pistol to Carpenter.
Officer Bethany Taylor of the Greensboro Police Department interviewed Carpenter and Curran at the scene and obtained descriptions of the perpetrators and the direction in which the perpetrators fled. Officer Taylor reported this information to communications, and minutes later, she received a report that other officers had detained a suspect who fit the description. Shetraveled to the location where the officers had detained the suspect and confirmed that he fit the description. The officers brought the suspect, defendant, back to the sports club. Carpenter walked to the cruiser and immediately identified defendant as the perpetrator.
Officer Steven Ira Friel of the Greensboro Police Department testified that he received the report of the robbery at the Pinecroft Sports Club. As he and another plainclothes officer patrolled in their unmarked vehicle on Lamroc Road in the vicinity of the sports club, he observed two male pedestrians matching the description given of the perpetrators. His partner turned around and drove back to the location where he had seen the two men. When he came back, there was only one man whom he identified as defendant. Officer Friel exited the vehicle and identified himself as a police officer. Defendant walked between two automobiles and Officer Friel heard the sound of metal hitting the pavement. Defendant then walked out from behind the automobile. Officer Friel looked behind the automobile and found a .25 caliber semiautomatic pistol on the ground.
Officer James M. Golden, III of the Greensboro Police Department testified that he responded to Officer Friel's location and placed defendant in the back of his marked police cruiser. He transported defendant to the Pinecroft Sports Club, located between one half mile to one mile from Officer Friel's location. He then transported defendant to the police station after the identification was made. During defendant's trial, William Carpenter testified as to the identification that he made of defendant shortly after the incident and made an in-court identification of defendant. Though defendant made a pre-trial motion to suppress identification evidence, he did not, during trial, object to testimony about the identification on the night of the crime or the in-court identification.
Our Supreme Court has held that a pretrial motion to suppress, a type of motion in limine, is not sufficient to preserve for appeal the issue of admissibility of evidence. State v. Roache, 358 N.C. 243, 292, 595 S.E.2d 381, 413 (2004). A defendant must also object to the admission of the challenged evidence when it is offered at trial to preserve the issue for appeal. Id. In the instant case, defendant did not object to the identification evidence about which he now complains on appeal. As such, the issue has not been properly preserved for appeal.
Even assuming arguendo that the issue had been preserved, the trial court did not err in permitting William Carpenter to make an in-court identification of defendant. "Identification evidence must be excluded as violating a defendant's right to due process where the facts reveal a pretrial identification procedure so impermissibly suggestive that there is a very substantial likelihood of irreparable misidentification." State v. Harris, 308 N.C. 159, 162, 301 S.E.2d 91, 94 (1983). The practice of a show-up identification - showing a suspect alone to a victim rather than in a lineup - may be "inherently suggestive." State v. Oliver, 302N.C. 28, 44-45, 274 S.E.2d 183, 194 (1981). However, even a suggestive identification procedure does not render a subsequent in-court identification inadmissible if the totality of the circumstances indicates the in-court identification is reliable. State v. McMillian, 147 N.C. App. 707, 710, 557 S.E.2d 138, 141 (2001). Circumstances to be considered include (1) the opportunity of the witness to view the perpetrator at the time of the offense, (2) the degree of attention of the witness, (3) the accuracy of a prior description of the perpetrator by the witness, (4) the level of certainty demonstrated by the witness at the time of the identification, and (5) the length of time between the crime and the identification. State v. Powell, 321 N.C. 364, 369, 364 S.E.2d 332, 335 (1988).
Application of these factors to the facts in the present case demonstrates that Carpenter's in-court identification was reliable. The evidence is uncontradicted that the parking lot of the sports club was well-illuminated by lighting from the club, street lights, and the club's marquee. Officer Taylor described the lighting as sufficient to enable one to discern distinct facial features. Carpenter viewed his assailant at arm's length. The assailant's face was undisguised and Carpenter's view was unobstructed. The police officers apprehended defendant within minutes after the crime occurred and not far from the scene of the crime. Defendant fit the description given by Carpenter. Carpenter immediately and positively identified defendant as a perpetrator when he was brought back to the scene. This assignment of error is overruled. By his remaining assignment of error, defendant contends the court erred by allowing the joinder for trial of the indictments charging defendant with possession of a firearm by a felon and with robbery with a dangerous weapon. We dismiss this assignment of error because defendant consented to joinder of the offenses for trial. "A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct." N.C.G.S. § 15A-1443(c) (2003). Appellate review, including for plain error, is not available in this situation. See State v. Wilkinson, 344 N.C. 198, 213, 474 S.E.2d 375, 383 (1996).
No error.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).