*786
 
 McCULLOUGH, Judge.
 

 The State of North Carolina appeals from the trial court's decision to grant defendant's motion to suppress evidence. At the pretrial hearing, the State presented evidence which tended to show that on 19 January 2003, Officer James D. Smith of the Wilmington Police Department responded to a 911 call that originated from an apartment located at 4806 Kubeck Court in Wilmington. When he arrived, Officer Smith heard a fight in progress. A female victim was screaming, "Stop hitting me, get out." Officer Smith also heard glass breaking and things being thrown around. Officer Smith knocked on the door and identified himself as a member of the Wilmington Police Department. Since he was not allowed inside the apartment, Officer Smith went from the front door to the back door. He then called for backup, and another officer arrived.
 

 After about fifteen minutes, the occupant of the apartment, Carrie McDonald, allowed the police to enter. Prior to going inside, the officers heard the back sliding glass door open and believed that someone may have exited the apartment. At that time, the police were unable to find any suspects.
 

 The officers asked McDonald to identify the person who was fighting with her. She responded that the individual was "James Murphy." However, when Officer Smith asked questions about Murphy, McDonald gave evasive answers. Officer Smith did not believe that McDonald was telling the truth based on her demeanor and reluctance to answer questions.
 

 Officer Smith began to consider how to properly identify the suspect. He noticed that a Ford Explorer was parked outside the rear of the apartment. The truck was about seven or eight feet from the apartment, and the back hatch was hanging over the patio at the rear of the apartment. Officer Smith testified that "the rear hatch was ajar, it wasn't closed."
 

 Officer Smith asked McDonald if the truck belonged to the suspect, and she said that it did. Before giving Officer Smith consent to search the SUV, however, McDonald claimed that the suspect did not drive and that his aunt rented the vehicle for him.
 

 Officer Smith decided to search the vehicle to get a positive identification of the assailant. He went to the rear of the vehicle and saw that the hatch was open. Officer Smith found a jacket, removed it, and began looking through it for identification. He discovered a jail release form with the name Harold Boyd, Jr. on it. Hoping to find further identification, Officer Smith opened the center console where he found crack cocaine, heroin, and marijuana. Finally, Officer Smith opened the glove box and found a document which indicated that Angela Brunson, defendant's former wife, rented the SUV. In an interview with police, Brunson verified that she had rented the vehicle for defendant.
 

 During the hearing before the trial court, the State argued that the motion to suppress evidence should be denied because it was untimely filed and defendant lacked standing. Defendant claimed that he had standing because all the evidence indicated that he was in lawful possession of the vehicle. The trial court ruled in favor of defendant and found that the search was a violation of the Fourth Amendment. The trial court also suppressed the drug evidence that Officer Smith discovered in the vehicle. The State appeals.
 

 On appeal, the State argues that the trial court erred in granting defendant's motion
 
 *787
 
 to suppress the evidence because defendant did not have standing or a legitimate expectation of privacy in the vehicle. We agree and reverse the decision of the trial court.
 

 The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. CONST. amend. IV. "[T]o have standing to contest a search, a defendant must have a legitimate expectation of privacy in the thing to be searched."
 
 State v. Barnes,
 

 333 N.C. 666
 
 , 675,
 
 430 S.E.2d 223
 
 , 228,
 
 cert. denied,
 

 510 U.S. 946
 
 ,
 
 114 S.Ct. 387
 
 ,
 
 126 L.Ed.2d 336
 
 (1993). Our courts consider many factors in determining whether a defendant has a legitimate expectation of privacy.
 
 State v. Phillips,
 

 132 N.C.App. 765
 
 , 770,
 
 513 S.E.2d 568
 
 , 572,
 
 appeal dismissed, disc. review denied,
 

 350 N.C. 846
 
 ,
 
 539 S.E.2d 3
 
 (1999).
 

 "A person's right to be free from unreasonable searches and seizures is a personal right[.]"
 
 State v. Mlo,
 

 335 N.C. 353
 
 , 377,
 
 440 S.E.2d 98
 
 , 110,
 
 cert. denied,
 

 512 U.S. 1224
 
 ,
 
 114 S.Ct. 2716
 
 ,
 
 129 L.Ed.2d 841
 
 (1994). To be entitled to the protections of the Fourth Amendment, defendant "must demonstrate that any rights alleged to have been violated were his rights, not someone else's."
 

 Id.
 

 Generally, a defendant may not object to the search and seizure of the property of another.
 
 Id.
 
 at 378,
 
 440 S.E.2d at 110
 
 . "The burden of showing this ownership or possessory interest is on the person who claims that his rights have been infringed."
 
 Id.
 
 at 378,
 
 440 S.E.2d at 111
 
 .
 

 In the case at bar, the issue is whether defendant has standing to challenge the search of a vehicle that he did not own and did not lease where defendant also fled from police after leaving the vehicle open at the scene of an assault. We hold that defendant did not have a legitimate expectation of privacy under these circumstances and therefore had no standing to contest the search of the vehicle.
 

 Our appellate courts have considered specific instances in which a third party, rather than defendant, rented or owned the property which was searched.
 
 See State v. McMillian,
 

 147 N.C.App. 707
 
 ,
 
 557 S.E.2d 138
 
 (2001),
 
 disc. review denied,
 

 355 N.C. 219
 
 ,
 
 560 S.E.2d 152
 
 (2002). In
 
 McMillian,
 
 the police found defendant in a motel room after he robbed a man outside of a convenience store.
 
 Id.
 
 at 709,
 
 557 S.E.2d at 141
 
 . Defendant argued that evidence obtained from the warrantless search of the motel room violated his constitutional rights.
 
 Id.
 
 at 711,
 
 557 S.E.2d at 142
 
 . Because a third party rented the room and defendant was merely present in the room of another, "defendant did not have a reasonable expectation of privacy and ... [could not] invoke the protections of the Fourth Amendment."
 
 Id.
 
 at 712,
 
 557 S.E.2d at 143
 
 . The result in
 
 McMillian
 
 supports the State's position in the present case. Here, a third party, rather than defendant, rented the car which police searched. Under the general rule, defendant may not object to the search and seizure of the property of another.
 

 Federal courts have reached similar results in at least two instances. Although these cases are not binding on this Court, we find them to be instructive. In
 
 United States v. Carr,
 

 939 F.2d 1442
 
 , 1446 (10th Cir.1991), defendant did not have a legitimate expectation of privacy in a hotel room that he occupied for three weeks because the room was not registered to him or someone with whom he was sharing it. Similarly, defendant "did not have a legitimate expectation of privacy by virtue of having stayed a week in . . . [a] vacant . . . [house] that he did not own or rent."
 
 United States v. McRae,
 

 156 F.3d 708
 
 , 711 (6th Cir.1998).
 

 These cases reveal that temporary occupancy or temporary use of property does not automatically create an expectation of privacy in that property. Furthermore, while we recognize that these cases involve living spaces, rather than motor vehicles, our courts have determined that "there is a diminished expectation of privacy in a motor vehicle."
 
 State v. Spruill,
 

 33 N.C.App. 731
 
 , 734,
 
 236 S.E.2d 717
 
 , 719 (1977). Thus, the distinguishing fact in the present case (use of
 
 *788
 
 a vehicle instead of the living space of another) does not bolster defendant's case.
 

 We are also aware that courts may consider principles of real property law, including the right to exclude, when determining the scope of rights afforded by the Fourth Amendment. In
 
 State v. Teltser,
 

 61 N.C.App. 290
 
 , 294,
 
 300 S.E.2d 554
 
 , 556 (1983), defendant had no reasonable expectation of privacy because he abandoned a suitcase and buried it on property that he did not own. Since defendant had no ownership or possessory interest in the wooded area, he had no right to exclude others from accessing it.
 

 Id.
 

 In this case, defendant did not own, rent, or lease the vehicle. Furthermore, even if he had permission to use the vehicle, defendant relinquished possession and control when, in an effort to avert police, he fled from the scene of an assault leaving the vehicle open and ajar. Under these circumstances, defendant would not have the right to exclude others from the vehicle.
 

 Finally, the
 
 Teltser
 
 Court recognized that a person who abandons property may also relinquish his reasonable expectation of privacy in that property:
 

 "The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search."
 

 Id.
 
 at 292,
 
 300 S.E.2d at 555
 
 (quoting
 
 United States v. Colbert,
 

 474 F.2d 174
 
 , 176 (5th Cir.1973)).
 

 Our Court explained this principle further in
 
 State v. McLamb,
 

 70 N.C.App. 712
 
 ,
 
 321 S.E.2d 225
 
 (1984). There, the Court stated that there would not be a reasonable expectation of privacy "if the defendants did not own or possess the vehicles or the land where they were located[.]"
 
 Id.
 
 at 716,
 
 321 S.E.2d at 228
 
 . "[S]ince the vehicles were in rough, grassy undeveloped areas and appeared to be abandoned, [defendants] could have had no reasonable expectation of privacy as to them."
 
 Id.
 
 at 717,
 
 321 S.E.2d at 228
 
 . Likewise, in the present case, defendant abandoned the vehicle by leaving it open and ajar in a location that was seven or eight feet from the back entrance of the victim's apartment.
 

 Based on the facts and circumstances of this case, we conclude that defendant did not have a reasonable expectation of privacy in the vehicle and therefore did not have standing to challenge the search. Accordingly, we reverse the trial court's decision which granted defendant's motion to suppress evidence. The case is remanded to the trial court for proceedings not inconsistent with this opinion.
 

 Reversed and remanded.
 

 Chief Judge MARTIN and Judge STEELMAN concur.