STATE OF NORTH CAROLINA v. GARFIELD JORDAN

No. 787SC954

(Filed 20 March 1979)

1. Searches and Seizures § 43— motion to suppress—appellate review after guilty plea

A defendant may have the trial court's ruling on his motion to suppress seized evidence reviewed on appeal even though he entered a plea of guilty to the crime arising from the possession of the seized evidence. G.S. 15A-979(b).

2. Searches and Seizures § 15— illegal search—standing to protest

If a defendant is aggrieved by an illegal search solely because the search produced evidence damaging to him, that search does not constitute a violation of his Fourth Amendment rights.

3. Searches and Seizures § 15— search of passenger's pocketbook—no legitimate expectation of privacy by driver

Defendant's motion to suppress narcotics seized from the pocketbook of a passenger in defendant's automobile was properly denied on the ground that the narcotics were not obtained in violation of defendant's constitutional rights because defendant did not assert a property interest in the passenger's pocketbook and defendant did not have a legitimate expectation of privacy in the passenger's pocketbook.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 16 May 1978 in Superior Court, NASH County. Heard in the Court of Appeals 31 January 1979.

The defendant was charged with felonious possession of heroin with intent to sell and deliver, second offense. The defendant made a pretrial motion to suppress all evidence obtained during a warrantless search of his automobile, his person and the pocketbook of a passenger in his automobile. After hearing evi-

dence on the matter, the trial court denied the defendant's motion to suppress. The defendant then entered a plea of guilty to the charge against him. Upon the defendant's plea of guilty, the trial court entered judgment sentencing him to imprisonment for a term of not less than seven nor more than ten years. From the entry of that judgment, the defendant appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Associate Attorney Norman M. York, Jr., for the State.*

*Fitch and Butterfield, by Milton F. Fitch, Jr., for defendant appellant.*

MITCHELL, Judge.

[1]   The defendant assigns as error the trial court's denial of his pretrial motion to suppress evidence. Although the defendant entered a plea of guilty to the crime arising from the possession of the evidence seized during the search, he may nonetheless have the trial court's ruling on his motion to suppress reviewed on appeal. G.S. 15A-979(b). We must therefore consider whether the evidence seized as a result of the search was obtained in violation of the defendant's rights.

During the hearing on the defendant's motion, the trial court heard testimony by two of the officers who had conducted the search. Their testimony tended to show that R. E. Jackson of the State Bureau of Investigation received a telephone call from a confidential informer at about 12:30 p.m. on 31 December 1977. The informer told Jackson that the defendant was bringing a quantity of heroin to Nash County and that he was expected to arrive there between 11:00 a.m. and 3:00 p.m. that day. After Jackson received the telephone call, he contacted Milton Reams, a deputy sheriff with the Nash County Sheriff's Department, and Steve Winstead, a detective with the Rocky Mount Police Department. The three officers met each other at a prearranged location and then drove to a truck stop on Interstate Highway 95 in Halifax County. After waiting there for approximately twenty to thirty minutes, they observed a car fitting the description of the defendant's car proceeding down the highway. They then followed

the car until it reached Nash County. They caused the car to stop at that time and informed the defendant who was driving that they were going to conduct an emergency search. The officers searched the car and found several pills not consisting of controlled substances scattered throughout the floorboard and in the glove compartment. A search of the defendant's person produced nothing. When the officers searched the female passenger's pocketbook, however, they found four tinfoil packets containing a white powder and a plastic bag containing a green vegetable material. These were found to be controlled substances. The defendant and the passenger were arrested.

[2] A defendant is aggrieved by the introduction of damaging evidence obtained during an unreasonable governmental search only if the search infringes upon the defendant's Fourth Amendment rights. Fourth Amendment rights are personal rights and may not be asserted vicariously. Therefore, if a defendant is aggrieved by an illegal search solely because the search produced evidence damaging to him, then that search does not constitute a violation of his Fourth Amendment rights. *Rakas v. Illinois*, --- U.S. ---, 58 L.Ed. 2d 387, 99 S.Ct. 421 (1978).

[3] Assuming arguendo that the entire search conducted by the officers in the present case was unreasonable and without lawful authority, the fruits of that search were nevertheless admissible against the defendant if they were not obtained in violation of *the defendant's* Fourth Amendment rights. The only damaging evidence found as a result of the search in the present case was obtained from the pocketbook of the female passenger in the defendant's automobile. Thus, we must determine whether the search of the female passenger's pocketbook was conducted in violation of the defendant's Fourth Amendment rights.

The defendant has not at any time asserted a property interest in the passenger's pocketbook from which the damaging evidence was taken. However, the defendant had an interest in the pocketbook legally sufficient to confer upon him the protection of the Fourth Amendment from unreasonable searches if he had a legitimate expectation of privacy in the place searched. *Katz v. United States*, 389 U.S. 347, 19 L.Ed. 2d 576, 88 S.Ct. 507 (1967).

In *Rakas v. Illinois*, --- U.S. ---, 58 L.Ed. 2d 387, 99 S.Ct. 421 (1978), the Supreme Court of the United States indicated that the glove compartment of an automobile is not an area in which a passenger within the automobile would normally have a legitimate expectation of privacy. We think that, by analogy, *Rakas* also supports the proposition that the pocketbook of a passenger in an automobile is not an area in which the driver of the automobile would normally have a reasonable expectation of privacy. Although the defendant may have had a property interest in the contraband found in the passenger's pocketbook, the mere presence of the defendant's contraband in the place searched did not give him a reasonable expectation that the place searched would remain private.

Here the evidence in question was found in a place that was under the control of a person other than the defendant. When one voluntarily puts property under the control of another, he must be viewed as having relinquished any prior legitimate expectation of privacy with regard to that property, as it becomes subject to public exposure upon the whim of the other person. Therefore, we find that the defendant did not have a legitimate expectation of privacy in his passenger's pocketbook and that his motion to suppress evidence seized therefrom was properly denied on the ground that the evidence was not obtained in violation of the defendant's rights under the Fourth Amendment to the Constitution of the United States.

No error.

Judges MARTIN (Robert M.) and ERWIN concur.