STATE v. SMITH

[117 N.C. App. 671 (1995)]

———————————

STATE OF NORTH CAROLINA v. ROY SMITH, AKA GARFIELD ANDERSON, DEFENDANT

No. 9310SC1120

(Filed 7 February 1995)

**1. Courts § 87 (NCI4th)— cocaine in defendant's luggage—suppression order—cocaine in coconspirator's luggage—second judge's refusal to suppress**

One judge's suppression of cocaine found in the luggage of a defendant charged with trafficking in cocaine on the ground that officers made an unconstitutional stop of the vehicle in which he

was riding did not preclude a second judge's ruling, made after defendant was reindicted for conspiracy to traffic cocaine, that cocaine found in a coconspirator's luggage during the same stop was admissible in defendant's conspiracy trial, since the second judge was asked to rule on an entirely new and different matter, and he did not change or overrule the first judge's order.

**Am Jur 2d, Courts § 191.**

2. **Evidence and Witnesses § 1561 (NCI4th)— unconstitutional stop—cocaine in coconspirator's luggage—no expectation of privacy by defendant**

Even if the stop of a vehicle in which defendant and a coconspirator were riding was unconstitutional because officers did not have a reasonable, articulable suspicion of criminal activity, defendant did not have a reasonable expectation of privacy in the coconspirator's luggage where defendant did not assert any property interest in that luggage, and cocaine found in the coconspirator's luggage was admissible in defendant's trial for conspiracy to traffic cocaine.

**Am Jur 2d, Evidence § 646.**

**Interest in property as requisite of accused's standing to raise question of constitutionality of search and seizure. 4 L. Ed. 2d 1999.**

3. **Evidence and Witnesses § 1594 (NCI4th)— statement by coconspirator—fruit of illegal stop—no standing by defendant to challenge**

A defendant on trial for conspiracy to traffic cocaine had no standing to challenge the admissibility of a coconspirator's statement to the police on the ground that the statement was the fruit of an illegal stop since defendant cannot assert the Fourth Amendment rights of another.

**Am Jur 2d, Evidence § 646.**

**Interest in property as requisite of accused's standing to raise question of constitutionality of search and seizure. 4 L. Ed. 2d 1999.**

Judge WYNN dissenting.

Appeal by defendant from judgment entered 27 July 1993 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 31 August 1994.

**STATE v. SMITH**

[117 N.C. App. 671 (1995)]

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth N. Strickland, for the State.*

*John T. Hall for defendant appellant.*

COZORT, Judge.

Defendant Roy Smith was arrested on 4 June 1992 for allegedly trafficking cocaine; he was indicted on that charge on 21 July 1992. On 20 October 1992, defendant filed a motion to suppress all evidence seized from defendant during defendant's arrest, contending the stop of defendant was unconstitutional. On 19 November 1992, Judge Anthony M. Brannon granted defendant's motion, concluding the stop was unconstitutional. The State gave notice of appeal on 25 November 1992, but failed to perfect the appeal, withdrawing it on 27 July 1993. Meanwhile, defendant had been indicted on 8 June 1993 for conspiracy to traffic cocaine, based on the same transaction as the previous trafficking charge. Defendant moved again to suppress all physical evidence, statements, and potential testimony of a codefendant, Vinton St. Jew Campbell, who was arrested with defendant Smith on 4 June 1992. This motion was denied by Judge Donald W. Stephens on 27 July 1993. Defendant pled guilty to the conspiracy charge on 27 July 1993, reserving his right to appeal the ruling of Judge Stephens pursuant to N.C. Gen. Stat. § 15A-979(b) (1988). Defendant received a sentence of 18 years and a fine of $100,000.00. Defendant appeals, contending Judge Stephens erred in not suppressing the evidence which had been suppressed by Judge Brannon in the previous action. We disagree and affirm the ruling of Judge Stephens. The facts and procedural history follow.

On the morning of 4 June 1992, two detectives of the Narcotic Interdiction Unit of the Wake County Sheriff's Department were at the Raleigh train station where they observed two passengers (defendant Smith and Vinton St. Jew Campbell) emerge from the sleeper car of a train which had originated in Miami, Florida. The passengers hurriedly carried three suitcases to a waiting taxicab and left the station. The detectives knew from past experience that South Florida is a known source area for drugs in the Raleigh area and passengers in the sleeper car normally check their luggage instead of carrying it with them in the small compartment. The officers wished to speak with the two passengers.

Defendant Smith and Campbell entered the cab before the detectives could stop them, and the cab left the train station. The detec-

tives followed the cab on Interstate 40 towards Durham. When the officers realized that the cab was not exiting at the Raleigh-Durham Airport, they stopped the cab before it crossed the Wake/Durham County line. After identifying themselves as police officers, the detectives asked the passengers to exit the cab and produce their train tickets and identification. Defendant Smith and Campbell were then separated and questioned individually by the detectives, who discovered that the names on the train tickets did not match the names on the identification. After learning that the defendant and Campbell gave conflicting stories on how they acquired the train tickets, the detectives asked each man twice for permission to search the luggage. Both defendant Smith and Campbell granted permission for the search. In a piece of luggage which belonged to defendant Smith, the detectives found one baby powder bottle. There was also a baby powder bottle in the bag belonging to Campbell. Each bottle contained cocaine, and both men were placed under arrest for trafficking in cocaine. The stop lasted approximately five minutes before the men were placed under arrest.

In his order suppressing the cocaine seized from defendant Smith's bag, Judge Brannon concluded:

To have a constitutional "stop" of a vehicle under the Fourth Amendment case law, the officers must have a reasonable articulatable [*sic*] suspicion of criminal conduct afoot.

Objectively determined, as the law requires, the Court finds that the facts and circumstances known to the officer *before* they stopped the cab fall short of a "founded suspicion" of criminal conduct. The fact that their "hunch" was correct is not of constitutional significance. A stop/search cannot become constitutional by what is then discovered.

. . . The volunteered statement of [defendant Smith] "how did you know we were coming" is admissible. (Emphasis in original.)

[1] The State appealed Judge Brannon's order, reindicted defendant Smith for conspiracy, and dropped the appeal of Judge Brannon's order. Prior to trial on the conspiracy charge, defendant Smith moved to suppress the physical evidence seized during the stop, statements made during the stop, and the potential testimony of Campbell. During the hearing on defendant's second motion to suppress the cocaine found in Campbell's possession, Judge Stephens correctly concluded that Judge Brannon's order was the "law of this case." However,

Judge Brannon's order governed only the evidence found in defendant Smith's possession. The subject of the second motion to suppress was the cocaine found in Campbell's possession. In general, one superior court judge may not modify, overrule, or change the judgment of another previously made in the same case. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). Because Judge Brannon's order dealt with the bag in defendant Smith's possession, it was not controlling in regard to Campbell's bag. Judge Stephens was asked to rule on an entirely new and different matter. Therefore, he did not change or overrule the order of Judge Brannon.

**[2]** When one voluntarily puts property under the control of another, he must be viewed as having relinquished any prior legitimate expectation of privacy with regard to that property. *State v. Jordan*, 40 N.C. App. 412, 415, 252 S.E.2d 857, 859 (1979). In *Jordan*, officers stopped defendant's car and found nothing after searching the car and defendant's person. However, a search of the pocketbook belonging to defendant's passenger revealed controlled substances. We held that even if the entire search was unreasonable and without lawful authority, the fruits of that search were nevertheless admissible against the defendant if they were not obtained in violation of *the defendant's* Fourth Amendment rights. *Id.* (emphasis in original).

The United States Supreme Court has recognized that a person can claim the protection of the Fourth Amendment if he had a legitimate expectation of privacy in the place searched. *Katz v. United States*, 389 U.S. 347, 19 L.Ed.2d 576 (1967). Applying *Katz* to the facts in *Jordan*, we held that the pocketbook of a passenger in an automobile is not an area in which the driver of the automobile would normally have a reasonable expectation of privacy. *Jordan*, 40 N.C. App. at 415, 252 S.E.2d at 859. Therefore, defendant's motion in *Jordan* to suppress the evidence found in the passenger's pocketbook was properly denied on the ground that the evidence was not obtained in violation of the defendant's rights under the Fourth Amendment. *Id.*

Similarly, in *State v. Hudson*, 103 N.C. App. 708, 407 S.E.2d 583 (1991), *disc. review denied*, 330 N.C. 615, 412 S.E.2d 91 (1992), we allowed the search of a briefcase that belonged to and was in the control of the defendant's passenger. In *Hudson*, the police officer stopped the defendant's vehicle because he could not read the expiration date on his 30-day tag. *Id.* at 710, 407 S.E.2d at 584. An assisting officer asked the defendant's passenger to step out of the vehicle, and when she did, he observed the butt of a gun in plain view. *Id.* at

712, 407 S.E.2d at 585. The officer then searched the passenger's brief-case and found two bags of cocaine and a revolver. *Id.* We ruled that the defendant did not have a sufficient ownership interest in the brief-case to contest the validity of the search. *Id.* at 719, 407 S.E.2d at 589.

In the present case, the stop was unconstitutional, according to Judge Brannon's unappealed order, because the officers did not have a reasonable, articulable suspicion to stop the taxi. Nonetheless, defendant Smith did not have a legitimate expectation of privacy in Campbell's bag, and any evidence found there is not the fruit of an illegal search. Fourth Amendment rights are personal and may not be asserted vicariously. *Jordan,* 40 N.C. App. at 414, 252 S.E.2d at 859. The motion to suppress evidence seized from Campbell was properly denied because defendant Smith has not at any time asserted a property interest in Campbell's bag.

[3] The physical evidence was not the sole subject of the second motion to suppress. The transcript of Campbell's guilty plea was attached as an exhibit to defendant's second motion to suppress. It contained Campbell's agreement to testify for the State on the conspiracy charge against defendant Smith. Also attached was a document entitled "Substance of Statements Made by Garfield Anderson." According to Campbell, defendant Smith told him that "[Smith] would pay [Campbell] to carry some of the cocaine [Smith] was planning to take to North Carolina" and that defendant Smith had one-half of a kilo of cocaine. It was Campbell's choice to plead guilty and testify against the defendant. He chose a guilty plea instead of pursuing his rights under the Fourth Amendment. Defendant Smith cannot assert those rights vicariously.

It is undetermined if Campbell would have agreed to plead guilty in exchange for his testimony had there not been an illegal stop. However, whether Campbell's potential testimony was the fruit of an illegal stop is not at issue in this case. The same Fourth Amendment standard applies to the testimony as to the search of Campbell's bag. A defendant has no standing to object to the admission of evidence obtained in violation of the Fourth Amendment rights of another. *Alderman v. United States,* 394 U.S. 165, 22 L.Ed.2d 176 (1969). The testimony, like the physical evidence, involves only the rights of Campbell. Defendant Smith has no constitutional interest in the guilty plea or testimony of Campbell. Judge Stephens' denial of the motion to exclude the cocaine found in Campbell's bag as well as the testi-

**STATE v. SMITH**

[117 N.C. App. 671 (1995)]

mony of Campbell did not violate defendant Smith's rights under the Fourth Amendment of the United States Constitution.

Affirmed.

Judge McCRODDEN concurred in this opinion prior to 15 December 1994.

Judge WYNN dissents.

Judge WYNN dissenting.

I respectfully dissent because I believe that Judge Brannon's ruling, which the State chose not to appeal, controls the outcome of this case. In his ruling on the original motion to suppress, Judge Brannon found that the law enforcement officers did not have a reasonable, articulable suspicion of criminal conduct to support a constitutional stop of the cab. Judge Brannon astutely recognized that reasonable suspicion, in the Fourth Amendment context, must be more than suspicion as it is understood in general terms. Thus, he made the following conclusion in his Order:

> Objectively determined, as the law requires, the Court finds that the facts and circumstances known to the officer *before* they stopped the cab fall short of a "founded suspicion" of criminal conduct. The fact that their "hunch" was correct is not of constitutional significance. A stop/search cannot become constitutional by what is then discovered.

Significantly, during the hearing on defendant's second motion to suppress the cocaine found in Campbell's possession, Judge Stephens correctly noted that Judge Brannon's order was the "law of the case." Judge Stephens, however, limited the applicability of Judge Brannon's ruling to be the law of the case only in regard to defendant's bag even though the previous order ruled the *entire stop* unconstitutional. I respectfully disagree with this determination and the majority's affirmance of it. If the cab stop was unconstitutional, then the fruits that flowed from this illegal stop are inadmissible and should be suppressed in this defendant's trial. This includes not only the bag belonging to defendant but also the other bag found in the trunk of the car.

If, for analogy, Judge Brannon had found that the cab stop itself was constitutional but the search of the defendant's bag was not,

defendant would not have been able to prevent the introduction of evidence obtained from Campbell's bag based on a separate ruling by Judge Stephens that the search of Campbell's bag was permissible. Recognizing that Judge Brannon's order established the illegality of the *entire stop*, the State attempted to put the same issue before another trial judge. In essence, what the State did was appeal an unfavorable ruling of one trial court to another. Moreover, by setting aside this ruling, Judge Stephens conducted appellate review, without jurisdiction to do so, and our Supreme Court has held that one Superior Court Judge may not modify, overrule, or change the judgment of another previously made in the same case. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). While the conspiracy action did not involve the same case as the trafficking action, it did involve the same transaction and occurrence. The physical evidence that was the subject of the second suppression motion was obtained in the same transaction and by the same means as the physical evidence that was the subject of the first suppression motion. If the State wanted to challenge Judge Brannon's ruling, the proper tribunal was this Court, not Superior Court. To hold otherwise, makes an inexplicable mockery of the original ruling by Judge Brannon.