An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1079

Filed 2 July 2025

Wake County, No. 23 CR 225054-910

STATE OF NORTH CAROLINA

   v.

DENZEL ISAAC COLEY, Defendant.

Appeal by Defendant from judgment entered 12 June 2024 by Judge G. Bryan Collins, Jr. in Wake County Superior Court. Heard in the Court of Appeals 11 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Jordan W. Cansler, for the State.*
>
> *Attorney Zachary Ezor, for defendant-appellant.*

STADING, Judge.

Denzel Isaac Coley ("Defendant") appeals from final judgment entered against him pursuant to a jury verdict finding him guilty of robbery with a dangerous weapon. Counsel for Defendant filed a brief under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). Upon review, discern no error.

## I. Background

This case concerns Defendant's charge of robbery with a dangerous weapon. Evidence at trial tended to show that on 1 February 2023, Andy Hernandez-Molina traveled from Greensboro to Raleigh to sell his car to Defendant. The transaction was arranged through Facebook Marketplace. Andy's cousin, Jason Mendoza-Molina, followed Andy in a separate car to help with the sale.

Andy met Defendant around 8:11 p.m. Andy and Jason agreed to let Defendant test drive the car and ride with him. Defendant drove the car around the block and told the cousins he liked the car. After the test drive, Defendant requested to see the engine, and after examination, he handed Andy bills resembling U.S. currency.

Upon counting the purported cash, Andy noticed it appeared fake. Andy then saw Defendant pointing a firearm directly at him. Defendant told Andy and Jason to get on the ground. Andy stated, "don't shoot, don't shoot," and Jason said, "just take it." Defendant fled with the car and the cousins called law enforcement.

Andy and Jason met law enforcement officers from the Raleigh Police Department at a local bank. They provided Defendant's information from Facebook, including his name, picture, and screenshots of correspondence. One police officer inspected the purported cash and noted it said "play money" on the bills. Andy testified Defendant's gun was a Glock with "a 30-round magazine." Jason testified the gun "was a Glock. It was black, and it had a 30-round magazine."

Less than an hour into their investigation, the police officers located Andy's car across the street from Defendant's house. They initially observed Defendant walking from the vehicle to his home. Upon the police officers speaking with Defendant, he maintained he legally purchased the car and denied the robbery.

Defendant gave the police officers consent to search his bedroom and the common areas of his home. They located the car's title, the car's original license plate, a pouch containing "counterfeit bills," and a box of nine-millimeter bullets in Defendant's bedroom. The police officers were unable to locate a gun.

Defendant was tried and a jury found him guilty of robbery with a dangerous weapon. The trial court sentenced him to a minimum of 75 months and a maximum of 102 months of incarceration—falling within the presumptive range for the class D felony and his prior record level III for felony sentencing. Defendant entered his notice of appeal in open court.

## II. Jurisdiction

Jurisdiction is proper with our Court since Defendant appeals from a "final judgment of a superior court," and "entered a plea of not guilty to a criminal charge, and . . . [was] found guilty of a crime." N.C. Gen. Stat. §§ 7A-27(b)(1) (2023) and 15A-1444(a) (2023).

## III. Analysis

Defendant submits this appeal under *Anders v. California*, and Defendant's appellate counsel complied with the requirements of *Anders*. 386 U.S. at 744, 87 S.

Ct. at 1400. Defendant has not filed any written arguments on his own behalf, and the time for Defendant to do so has passed. In his *Anders* brief, Defendant's counsel presents two potential issues for our review: (1) whether there was sufficient evidence to find Defendant guilty of robbery with a dangerous weapon, and (2) whether the trial court properly considered evidence of mitigating factors at sentencing.

**A. Motion to Dismiss**

Defendant first asks us to review whether there was sufficient evidence that he committed the charged offense. At trial, Defendant noted a gun was never located and moved to dismiss the charge of robbery with a dangerous weapon at the close of the State's evidence and again at the close of all evidence. For the reasons below, we hold the State adduced sufficient evidence at trial to withstand his motion to dismiss.

This Court reviews a trial court's denial of a motion to dismiss *de novo. State v. Williamson*, 272 N.C. App. 204, 210, 845 S.E.2d 876, 881 (2020). The standard for reviewing a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. McMillian*, 147 N.C. App. 707, 713, 557 S.E.2d 138, 143 (2001) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williamson*, 272 N.C. App. at 211, 845 S.E.2d at 882 (citation omitted). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the

State, giving the State the benefit of all reasonable inferences." *State v. Tucker*, 380 N.C. 234, 237, 867 S.E.2d 924, 927 (2022) (citation omitted).

Defendant was convicted of robbery with a firearm under N.C. Gen. Stat. § 14-87 (2023). The essential elements of this criminal offense are: "(1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use, or threatened use of firearms or other dangerous weapon, implement, or means; and (3) a danger or threat to the life of the victim." *State v. Murrell*, 370 N.C. 187, 194, 804 S.E.2d 504, 509 (2017). "Proof of armed robbery requires that the victim reasonably believed that the defendant possessed, or used or threatened to use a firearm in the perpetration of the crime." *State v. Bartley*, 156 N.C. App. 490, 496, 577 S.E.2d 319, 323 (2003).

Andy and Jason testified that Defendant pointed a gun at them. Each victim described the gun as a Glock with an extended magazine. Both testimonies also show Defendant sought to force the cousins to the ground at gunpoint. Further, upon searching Defendant's bedroom closet, the police officers located a box of nine-millimeter bullets. We hold this evidence is sufficient to support the charge of robbery with a firearm. *See Bartley*, 156 N.C. App. at 495, 577 S.E.2d at 322 ("The fact that [the victim] never actually saw a firearm, never asked if defendant had a firearm, nor sought to prove defendant had a firearm by any other means does not negate [the victim's] testimony."). Viewing the evidence in the light most favorable to the State, substantial evidence supports the elements of the charged criminal offense. *See*

*Williamson*, 272 N.C. App. at 211, 845 S.E.2d at 882; *see also Tucker*, 380 N.C. at 237, 867 S.E.2d at 927.

## B. Sentencing

Defendant next requests us to consider whether the trial court properly considered evidence of mitigating factors at sentencing. Defendant presented several statutory mitigating factors at sentencing and posits his "conduct during and after commission of the alleged offense supported finding mitigating factors." For the reasons below, we hold the trial court properly sentenced Defendant.

"The court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a) (2023). "[T]he offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists." *Id.* "In the absence of express evidence that demonstrates a sentencing court did not consider mitigating evidence or exercise its discretion, we will not presume error." *State v. Borlase*, 387 N.C. 295, 311, 912 S.E.2d 795, 808 (2025).

Defendant's attorney informed the trial court Defendant had a fiancé and mother to suggest a support system under N.C. Gen. Stat. § 15A-1340.16(e)(18) (2023). His attorney also noted Defendant was working at a cleaning products business to show a positive employment history under subsection 15A-1340.16(e)(19). Contrary to Defendant's urging, his attorney did not present information that

Defendant supported his family under subsection 15A-1340.16(e)(17). His attorney then requested the trial court to sentence Defendant "at the bottom of the presumptive range." Given the offense class and Defendant's prior record level, the trial court sentenced Defendant in the presumptive range. *See* N.C. Gen. Stat. § 15A-1340.17(c).

In rendering its sentence, the trial court accounted for Defendant's good behavior in the courtroom and cooperativeness with law enforcement officers. However, "[i]n the absence of express evidence that demonstrates [the] sentencing court did not consider mitigating evidence or exercise its discretion, we will not presume error." *Borlase*, 387 N.C. at 311, 912 S.E.2d at 808. We therefore will not presume the trial court committed error in sentencing Defendant. *Id.*

## IV. Conclusion

For these reasons, our full examination of the record yielded no issues with arguable merit. Accordingly, we hold the trial court did not commit error.


NO ERROR.

Judges GRIFFIN and FREEMAN concur.

Report per Rule 30(e).